# M<sup>c</sup>Donnell Adels & Klestzick, PLLC

401 Franklin Avenue
Suite 200
Garden City, New York 11530
Telephone (516) 328-3500
Facsimile (516) 328-3697
Website: www.maklawpc.com

**MICHAEL GIORDANO**
ASSOCIATE
(516) 213-3162
mgiordano@maklawpc.com

September 9, 2020

Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *USAA General Indemnity Company v. Alric L. Kennedy, et al.*
   Docket No.: 2:20 CV-03883

Dear Judge Brown:

  We represent Plaintiff in the above-referenced action. Kindly accept this correspondence pursuant to Your Honor's Individual Practice Rules II(f)(1). Plaintiff seeks to move to remand this case back to the New York State Supreme Court, County of Nassau (the "New York State Supreme Court"). Plaintiff also seeks an extension of time to file its Motion to Remand until Plaintiff has had opportunity to comply with Your Honor's rules regarding Pre-Motion Conferences, in light of the 30-day time frame set forth in 28 U.S.C. 1447(c) to bring a motion to remand (which would run by September 22, 2020).[1] By email correspondence, dated September 9, 2020, to counsel for Defendant Alric R. Kennedy ("Kennedy"), Plaintiff's counsel advised that Plaintiff would be seeking to remand the case back to the New York State Supreme Court. No response was forthcoming.

  This action was commenced in the New York State Supreme Court on July 17, 2020. Defendant Kennedy was served via personal delivery of the summons and complaint on August 7, 2020. Service was completed on all other Defendants by August 13, 2020. On August 23, 2020, improperly asserting diversity jurisdiction as the basis, Defendant Kennedy filed a "Petition for Removal" with this Court (See Doc. 1) and a "Notice of Removal" with the New York State Supreme Court.

  Removal of this action by Kennedy is improper for two separate and independent reasons, either of which requires remand:

  First, removal is unequivocally barred by the "forum defendant rule" as <u>all</u> Defendants in this action are citizens of the State of New York. The forum defendant rule prevents a defendant from removing a case to federal court when at least one defendant in the action is a citizen of the original forum state. 28 U.S.C. 1441(b)(2). In this case, every Defendant is a citizen of New York, the forum state. Further, stated above, every Defendant, including Kennedy, was served long

---

[1] Plaintiff submits however that there is no subject matter jurisdiction over this action as there is no basis for removal and thus no statutory power to adjudicate it. See 28 U.S.C. 1441(b); 28 U.S.C. 1447(c); see e.g. *Makrova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (noting that a district court lacks subject matter jurisdiction over an action where there is no statutory or constitutional power to adjudicate it).

September 9, 2020
Page 2

before Kennedy's improper attempt to remove the action. Specifically, 28 U.S.C. 1441(b)(2) holds that a civil action "may not be removed if any of the parties properly joined and served as defendants is a citizen of the State in which the action is brought." Although not raised as a basis, we also point out that this case involves no federal question. In brief, Plaintiff alleges in its complaint that Kennedy intentionally misrepresented that he was injured in the subject automobile collision when he was not. Under any analysis, removal of this action is without any basis and this action must be remanded.

Second, removal is also barred by the "unanimity rule," which provides that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." See 28 U.S.C. § 1446(b)(2)(A); see also Nyguen v. American Express Co., 282 F. Supp3d 677 (S.D.N.Y. 2017). In this case, Defendant Kennedy did not obtain the consent of all Defendants to remove the case prior to filing for removal (or even thereafter).

Plaintiff also plans to seek costs and attorney fees pursuant to 28 U.S.C. 1447(c). The removal statute provides that a district court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Attorney fees may be granted "where the removing party lacks an objectively reasonable basis for seeking removal." See e.g. Martin v. Franklin Capital Corp., 546 U.S. 132 (2005). Plaintiff submits that the lack of federal jurisdiction over this matter is obvious based on the forum defendant rule (e.g. all Defendants are citizens of the forum state and all Defendants have been properly served with the summons and complaint).

Plaintiff also points out that Kennedy did not file a "Notice of Removal" as required by statute but a "Petition for Removal" instead. Although a technical or procedural defect, the removal statute is nevertheless strictly construed. Carlyle Inv. Mgt. LLC v. Moonmouth Co., SA, 779 F.3d 214 (3d Cir. 2015) (noting that "[t]he federal removal statute . . . is strictly construed").

We thank the Court for its consideration.

>
> Very truly yours,
> McDONNELL ADELS & KLESTZICK, PLLC
> /s/ Michael Giordano, Esq.
> /s/ Evan Klestzick, Esq.